UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY BROWN,

          Plaintiff,

                                   CASE NO. 07-11312

v.                                HONORABLE PATRICK J. DUGGAN

LINDA MATAUSZAK, COLLEEN
KOENIG, and JAN TROMBLEY,

          Defendants.
_____/

## OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915A(B) AND 1915(e)(2)(B) AND 42 U.S.C. § 1997e(c)(1)

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on May 16, 2008.

PRESENT:   HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff, a *pro se* prisoner, commenced this civil rights action pursuant to 42

U.S.C. § 1983 on March 27, 2007. In his complaint, Plaintiff alleges that his

constitutional rights were violated when he failed to receive legal mail from the Michigan

Court of Appeals, specifically the court's order denying his motion for relief from

judgment dated October 17, 2005. Plaintiff maintains that, as a result of the subsequent

destruction of this legal mail, he was not able to timely seek leave to appeal in the

Michigan Supreme Court. On October 30, 2007, this Court referred Plaintiff's lawsuit to

Magistrate Judge Charles E. Binder for all pretrial proceedings. Magistrate Judge Binder

issued a Report and Recommendation ("R&R") on March 21, 2008, recommending that the case be *sua sponte* dismissed with prejudice for failure to state a claim upon which relief may be granted.

In the R&R, Magistrate Judge Binder concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted under *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). In *Thaddeus-X*, the Sixth Circuit held that "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims *only*." *Id*. (emphasis added). As Plaintiff's complaint alleges interference with his right to pursue collateral relief in the state court, Magistrate Judge Binder held that he failed to state a violation of his constitutional rights.

On April 7, 2008, Petitioner filed two objections to the R&R. The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

In his first objection, Plaintiff argues that Supreme Court precedent establishes that the actual injury sufficient to assert a constitutional violation for interference with a prisoner's access to the courts includes interference with the filing of a collateral motion in the state courts. Plaintiff relies on the Supreme Court's following statement:

> . . . *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.

2

*Lewis v. Casey*, 518 U.S. 343, 355, 116 S. Ct. 2174, 2182 (1996).  This Court, however, is bound by the Sixth Circuit's interpretation of this language in its subsequent decision, *Thaddeus-X.*

As Magistrate Judge Binder stated in his R&R, the Sixth Circuit held in *Thaddeus-X* held that "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."  175 F.3d at 391.  One judge in this district has suggested that a broader reading of *Thaddeus-X* might be appropriate to extend a prisoner's right to access the courts to a state collateral action for relief from conviction where the prisoner needs to file such an action in order to exhaust his or her state court remedies prior to filing a habeas action.  *Mikko v. Davis*, 342 F. Supp. 2d 643, 645-46 (E.D. Mich. 2004).  Plaintiff, however, already filed an unsuccessful application for habeas relief pursuant to 28 U.S.C. § 2254.  On January 9, 2008, the Honorable Avern Cohn dismissed Plaintiff's habeas petition with prejudice on the grounds that it was untimely.[1]  *Brown v. Sherry*, No. 07-11777, Doc. 12 (E.D. Mich. Jan. 9, 2008).

In his second objection, Plaintiff asserts that the magistrate judge failed to acknowledge that Plaintiff was not only claiming a violation of his right of access to the courts, but also his First Amendment right to receive his mail.  Prisoners in fact do retain

---

[1]Judge Cohn found that, absent collateral review, Plaintiff was required to file his application for habeas relief by April 24, 1997.  Plaintiff filed his motion for relief from judgment in the trial court on October 10, 2003, over six years after the limitations period expired.  Judge Cohn therefore held that Plaintiff's filing of his motion for relief from judgment did not serve to toll the limitations period and that the limitations period expired well before he filed his application for habeas relief.

a First Amendment right to communicate by mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 109 S. Ct. 1874 (1989); *Procunier v. Martinez*, 416 U.S. 396, 94 S. Ct. 1800 (1974). Nevertheless, Plaintiff's lawsuit is premised on the loss or destruction of only one piece of his prisoner mail. While allegations that prison officials "repeatedly and intentionally withheld" a prisoner's mail may state a First Amendment claim, "an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support . . . a cause of action grounded upon the First Amendment." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (quoting *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987)); *see also Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("an isolated incident of mail tampering is usually insufficient to establish a constitutional violation"); *Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997). Thus the Court concludes that Plaintiff's allegations of a First Amendment violation fail to state a claim upon which relief may be granted.

For the above reasons, the Court finds no error in Magistrate Judge Binder's conclusion with respect to Plaintiff's claim alleging a violation of his right of access to the courts and concludes that Plaintiff fails to state a violation of his First Amendment right to receive prison mail.

Accordingly,

**IT IS ORDERED**, that Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915A(B), 1915(e)(2)(B), and 42 U.S.C. § 1997e(c)(1).

s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Roy Brown, #217108
Chippewa Correctional Facility
4269 West M-80
Kincheloe, MI  49784

Clifton B. Schneider, Esq.
Julia R. Bell, Esq.

Magistrate Judge Charles E. Binder