## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

ROY BROWN,

        Plaintiff,

CASE NO. 07-CV-11312

*v.*

DISTRICT JUDGE PATRICK J. DUGGAN
MAGISTRATE JUDGE CHARLES E. BINDER

LINDA MATAUSZAK,
COLLEEN KOENIG,
JAN TROMBLEY,

        Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTION TO DISMISS
(Doc. 41)

## I.    RECOMMENDATION

        For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED** and the case **DISMISSED** with prejudice.

## II.    REPORT

### A.    Introduction

        Plaintiff Roy Brown is a state prisoner who was convicted of first degree murder in 1991 and who is currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. On March 27, 2007, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he failed to receive an item of legal mail from the Michigan Court of Appeals, which was mailed to him at the Saginaw Regional Correctional Facility on the day that he was transferred to another facility. As defendants, he has named the mail room supervisor at the Saginaw facility, a mail room employee, and the warden of that facility. On May 16, 2008, an order adopting a previous Report and Recommendation

("R&R") recommending *sua sponte* dismissal was entered.  (Doc. 25.)  The case was dismissed and an appeal of that order was filed by Plaintiff.  On January 21, 2009, the Sixth Circuit Court of Appeals vacated the judgment in part and remanded the case for further proceedings.  The Sixth Circuit held that this Court's reading of *Lewis v. Casey*, 518 U.S. 343, 349, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996), was too narrow and that actual injury in the access-to-courts context can include motions for relief from judgment brought under Michigan Court Rule 6.500 as well as direct appeals, habeas corpus applications, and civil rights claims.  (Doc. 31 at 3-4.)  On February 18, 2009, the case was referred to the undersigned magistrate judge for pretrial proceedings.  (Doc. 33 at 2.)

On May 22, 2009, Defendants filed a motion to dismiss (Doc. 41) and Plaintiff responded to the motion on May 22, 2009.  (Doc. 42.)  Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B.    Motion Standards

In facing a motion to dismiss for failure to state a claim or for lack of jurisdiction under Rule 12(b)(6) or (1) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set

forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citations omitted).  Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (citations omitted).

The Supreme Court recently explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that a defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth).  Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.* at 1950.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . .  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading

drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for the plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

### C.     Access to Courts

"There is no generalized 'right to litigate' which is protected by the First Amendment." *Thomas v. Rochell*, 47 Fed. App'x 315, 317 (6th Cir. 2002). The right of access only applies to cases which attack the inmate's conviction and sentence or cases which challenge the conditions of confinement, such as the instant case. *Lewis*, 518 U.S. at 349-51. In *Lewis*, the Supreme Court held that inmates claiming a denial of the right of access to the courts must show "actual injury" in order to have standing to bring suit. *Id.* at 349. Actual injury or prejudice can only be suffered where an inmate has a meritorious claim to bring. Therefore, "only prisoners with non-frivolous

4

underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (citing *Lewis*.)  If a plaintiff lacks standing, "he is barred from bringing suit and the federal court is without jurisdiction to hear the claim." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

### D.    Discussion

Defendants' motion to dismiss is based on lack of subject matter jurisdiction, asserting that Plaintiff does not have standing because he has not demonstrated that he sought to pursue a non-frivolous claim.  (Doc. 41 at 9-13.)  Defendants contend that Plaintiff "merely alleges that the defendants caused him to miss a Michigan Supreme Court filing deadline involving a Rule 6.500 motion . . . [but] he set forth no allegations sufficient to meet his burden to establish actual prejudice to a nonfrivolous claim." (Doc. 41 at 13.)  Plaintiff responds that he raised non-frivolous issues in his motion for relief from judgment, i.e., ineffective assistance of counsel based on counsel's (1) poor opening statement that did not advance a defense theory; (2) failure to cross-examine key prosecution witnesses properly (although there is no mention of what questions should have been asked); (3) failure to object to the prosecution's improper examination (without delineating which questions were objectionable); (4) acquiescence in the lesser included offense instruction; and (5) failure to request jury instructions (although he does not state which instructions should have been requested).  (Doc. 42 at 2-3.)

Defendants cite *Jennings v. Garrett*, No. 2:08-12463, 2008 WL 2605541 (E.D. Mich. July 1, 2008), in support of their motion.  In *Jennings*, the district court relied on three grounds for dismissal:  (1) court clerk enjoyed quasi-judicial immunity; (2) allegations showed mere negligence rather than deliberate or intentional conduct; and (3) the plaintiff's claim of actual prejudice was "entirely conclusory, because he has failed to allege the exact nature of the claims

that he sought to present to the Michigan courts in his 6.500 motion for relief from judgment . . . . Without any information on the validity of the motion for relief from judgment, plaintiff has failed to show an actual injury . . . ." *Id.* at * 2. Similarly, the instant complaint addresses the fact that the deadline was not met, but does not allege what issues Plaintiff sought to raise in the motion. (Doc. 1.) As a result, as in *Jennings*, I suggest that Plaintiff's complaint be dismissed as he asserts nothing more than conclusory allegations of harm.

Plaintiff fares no better, I suggest, under a review of his response to the motion for summary judgment. As indicated above, his references to the issues raised in his motion for relief from judgment in the state courts are at best cursory. Plaintiff does not specify what counsel did or failed to do that supports his conclusion that his counsel was ineffective. Plaintiff fails to provide either factual context or factual support for his bare conclusions. As mentioned, he fails to state what lines of questions were not asked, or what arguments were not made. I therefore suggest that Plaintiff's complaint and response are insufficient to state a claim for relief or to provide standing to raise the access-to-courts issue under Rules 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. *See Mikko v. Davis*, 342 F. Supp. 2d 643 (E.D. Mich. 2004) (granting motion to dismiss because, "[i]n none of the filings before the court, either in the complaint or any subsequent filings, has Plaintiff demonstrated the possible success of his underlying claim on the merits. At most, Plaintiff alleges that [they] . . . were not frivolous"); *Collins v. Frank Murphy Hall of Justice*, No. 2:09-12315, 2009 WL 1799121, at *2 (E.D. Mich. June 22, 2009) (granting motion to dismiss where "Plaintiff's claim of actual prejudice is entirely conclusory, because he failed to allege the exact nature of the claims that he sought to present to the Michigan courts in his 6.500 motion for relief from judgment"); *Mikko v. Davis*,  No. 04-cv-40054 (E.D. Mich. Nov.

7, 2005) (Doc. 30[1]).  Accordingly, I suggest that Defendants' motion to dismiss be granted and the case dismissed with prejudice.

## III.   **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 s/ Charles E. Binder

CHARLES E. BINDER
Dated: August 6, 2009                         United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and served via U.S. Postal Service on the following non-ECF participant: Roy Brown #217108, Chippewa Correctional Facility, 4269 West M-80, Kincheloe, MI 49784.

Date:  August 6, 2009                   By        s/Patricia T. Morris
                                             Law Clerk to Magistrate Judge Binder

---

[1]The Sixth Circuit order affirming the district court was not available on Westlaw; thus, the order's placement on the district court docket is used.