UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY BROWN,

    *Plaintiff,*

CASE NO. 07-CV-11312

*v.*

DISTRICT JUDGE PATRICK J. DUGGAN
MAGISTRATE JUDGE CHARLES E. BINDER

LINDA MATAUSZAK,
COLLEEN KOENIG, and
JAN TROMBLEY,

    *Defendants.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO DISMISS**
(Doc. 66)

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

**II.   REPORT**

    **A.   Introduction**

Plaintiff Roy Brown is a state prisoner who was convicted of first degree murder in 1991 and who is currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan.[1] On March 27, 2007, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he failed to receive an item of legal mail from the Michigan Court of Appeals, which was mailed to him at the Saginaw Regional Correctional Facility on the day that he was transferred to another facility. As defendants, he

---

[1] I note that the docket indicates he is currently incarcerated at the Ionia Maximum Facility, in Ionia, Michigan. However, Plaintiff's most recent filing and the State of Michigan Offender Tracking Information System both indicate that Plaintiff currently resides at the Chippewa Correctional Facility.

named the mail room supervisor at the Saginaw facility, a mail room employee, and the warden of that facility. On May 16, 2008, an order adopting a previous Report and Recommendation ("R&R") recommending *sua sponte* dismissal was entered. (Doc. 25.) The case was dismissed and an appeal of that order was filed by Plaintiff. On January 21, 2009, the U.S. Court of Appeals for the Sixth Circuit vacated the judgment in part and remanded the case for further proceedings. The Sixth Circuit held that this court's reading of *Lewis v. Casey*, 518 U.S. 343, 349, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996), was too narrow and that actual injury in the access-to-courts context can include motions for relief from judgment brought under Michigan Court Rule 6.500 as well as direct appeals, habeas corpus applications, and civil rights claims. (Doc. 31 at 3-4.)

After the remand, Defendants filed a motion to dismiss (Doc. 41), Plaintiff responded (Doc. 42), and the undersigned magistrate judge issued a second R&R recommending that the motion be granted and the case dismissed (Doc. 43), which was adopted on September 1, 2009. (Doc. 44.)

Plaintiff appealed and on January 31, 2011, the Sixth Circuit entered an opinion noting that:

> While Brown presented sufficient facts to allege interference with his legal mail, it is true that neither Brown's complaint nor his response to the motion to dismiss alleges sufficient facts to establish the validity of the *underlying* claims, as required by precedent. However, Brown has filed with this court the memorandum of law he filed in state court in connection with the underlying claim, which makes clear that he *has* sufficient facts to demonstrate that the underlying claims were non-frivolous – he simply failed to include that in his § 1983 pleadings. Therefore, considering the equities of the case . . . we **REMAND** the case to allow Brown to amend his pleadings, in order to include this necessary information.

(Doc. 61 at 1-2.) Pursuant to court order entered on February 24, 2011, Plaintiff timely filed an amended complaint on March 17, 2011. (Doc. 65.) On March 29, 2011, Defendants filed the instant motion to dismiss (Doc. 66), and after Plaintiff was given an extension of time, Plaintiff responded to the motion to dismiss on May 23, 2011. (Doc. 72.)

2

Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B. Motion Standards

When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In addition, if the allegations in the complaint suffice to establish that an affirmative defense bars the case, it should be dismissed. *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp.*

*v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); nor may courts construct a plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Courts are not to "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to identify a claim not alleged in the complaint, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### C. Analysis and Conclusions

"There is no generalized 'right to litigate' which is protected by the First Amendment." *Thomas v. Rochell*, 47 Fed. App'x 315, 317 (6th Cir. 2002). The right of access to the courts only applies to cases that attack the inmate's conviction and sentence, or cases that challenge the conditions of confinement, such as the instant case. *Lewis*, 518 U.S. at 349-51. In *Lewis*, the

Supreme Court held that inmates claiming a denial of the right of access to the courts must show "actual injury" in order to have standing to bring suit. *Id.* at 349. Actual injury or prejudice can only be suffered when an inmate has a meritorious claim to bring. Therefore, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (citing *Lewis*). If a plaintiff lacks standing, "he is barred from bringing suit and the federal court is without jurisdiction to hear the claim." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Defendants argue that "[w]hile the Sixth Circuit has magnanimously revived his lawsuit with the only requirement on Plaintiff to file an Amended Complaint[,] . . . Plaintiff's Amended Complaint utterly fails . . . to state the factual and legal bases for the underlying Rule 6.500 Motion." (Doc. 66 at 3.) Instead, "[w]hile Plaintiff's Amended Complaint is a veritable book with about 5 pages of narrative and over 100 pages of attachments that include miscellaneous court records, prisoner grievance forms, letters, and a 61-page 'memorandum of law,' he has nevertheless failed to provide a short and plain statement of his underlying claim and the facts to support it as required by the Sixth Circuit." (Doc. 66 at 3.)

Plaintiff responds by reminding the Court that *pro se* plaintiffs are held to a less strict pleading standard and that he has properly "amend[ed] his complaint by adding the 61-page memorandum of law as instructed by the Court." (Doc. 72 at 2.) The "61-page memorandum of law" indicates that it is an "action under MCR 6.500." (Doc. 65 at 37.) In addition, Plaintiff contends that he, "as well as the court[,] feels that the issues raised in his 6.500 motion did have merits and were in fact non-frivolous . . . ." (Doc. 72 at 2.)

Plaintiff once again does not indicate what those issues were nor does he reveal the factual support for those issues in the text of the Amended Complaint itself. However, Plaintiff attached

5

to his Amended Complaint a "61-page memorandum of law" that references seven grounds for his assertion that trial counsel was ineffective:

> (a) during opening statement, attorney Waske improperly and without authorization conceded Defendant's guilt to first degree murder and failed to advance a defense theory, (b) counsel failed to conduct any meaningful adversarial challenges, as shown by his refusal to impeach prosecution witnesses, (c) his refusal to conduct cross examination, and failure to object to obvious prejudicial hearsay testimony, (d) counsel also, failed to strike inadmissible testimony of allege shooting, and failed to request instructions, (e) failed to make a reasonable, logical, and meaningful closing argument, (f) failed to object to the numerous instances of prosecutorial misconduct during trial, as well as closing summations to the jury, (g) failed to request specific jury instructions, and perhaps most important and, certainly the most damming [sic] to Mr. Browns' [sic] defense was counsel's wilful and intentional abdication of his legal responsibilities toward Mr. Brown's defense to the Co-defendant's counsel, Mr. Richard Morgan.

(Doc. 65, Attach. G at 15-16.[2]) Plaintiff's memorandum addresses each of the seven grounds and details the factual bases for the assertions and provides references to the trial transcript.

In the instant case, the Sixth Circuit has stated that "the claims need not be clearly meritorious – they need not be winners. Instead, what matters is whether Brown stated 'non-frivolous' issues in his motion for relief from judgment, because if so, he had a right of access to the courts to present them." *Brown*, 415 Fed. App'x at 614. "It is clear from this memorandum of law that Brown could allege sufficient facts to demonstrate that his underlying action concerned non-frivolous issues." *Id.*

Although I suggest that Defendants are correct in their assertion that Plaintiff's Amended Complaint itself fails to satisfy Rule 8's pleading requirements, the "61-page memorandum of law" attached to the Amended Complaint passes muster. This conclusion is inescapable since the Sixth Circuit has held that the "sixty-one page memorandum of law accompanying that motion

---

[2]Referring to the page numbers assigned by the Court's electronic case filing system, the 61-page memorandum begins on page 37 of Doc # 65 and the quote above is from pages 1-2 of Doc #65-1.

6

demonstrates that Brown had the facts necessary to state a non-frivolous basis for several of his claims." *Brown*, 415 Fed. App'x at 614. *See Kennedy v. Bonevelle*, 413 Fed. App'x 836, 839 (6th Cir. 2011) ("Specific facts are not required by a prisoner at the pleading state, and *Vandiver* [*v. Niemi*, No. 94–1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994)], an unpublished opinion, is not binding on this court and cannot be used to defeat [the plaintiff's] access-to-the-courts claim.").

Consequently, I suggest that since Plaintiff has at least attached a document to the Amended Complaint that reveals several non-frivolous claims that were to be presented in his motion for relief from judgment in the state court, he has facially stated a claim for denial of his right of access to the courts. Accordingly, I suggest that Defendants' motion be denied.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve

7

all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                                s/ Charles E. Binder
                                                CHARLES E. BINDER
Dated: September 15, 2011                 United States Magistrate Judge

### CERTIFICATION

      I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and served via U.S. Postal Service on the following non-ECF participant: Roy Brown #217108, Chippewa Correctional Facility, 4269 West M-80, Kincheloe, MI 49784.

Date:  September 15, 2011        By    s/Patricia T. Morris
                                                      Law Clerk to Magistrate Judge Binder