UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY BROWN,

   Plaintiff,

            Case No. 07-11312
v.            Honorable Patrick J. Duggan

LINDA MATUSZAK, COLLEEN
KOENIG, and JAN TROMBLEY,

   Defendants.
_____/

## OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION TO AMEND; (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME; AND (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On March 27, 2007, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, contending that Defendants violated his constitutional rights by interfering with his receipt of legal mail. The Court will not repeat the procedural history of this case, as it is set forth in detail in Magistrate Judge Charles Binder's thorough report and recommendation dated October 31, 2012.  The matter presently is before the Court on: (1) Defendants' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56 on August 31, 2012 (ECF No. 94); (2) Plaintiff's motion to amend his complaint to add Connie Williams ("Williams") as a defendant, filed pursuant to Federal Rule of Civil Procedure 15 on August 19, 2012 (ECF No. 95); and Plaintiff's motion for

enlargement of time to respond to Defendants' motion, filed August 25, 2012 (ECF No. 96). This matter has been referred for all pretrial matters to Magistrate Judge Binder.

## Magistrate Judge Binder's Report & Recommendation

On October 31, 2012, Magistrate Judge Binder issued a Report and Recommendation (R&R) in which he recommends that this Court deny Plaintiff's motion to amend, find moot Plaintiff's motion for an enlargement of time, and grant Defendants' motion for summary judgment. (ECF No. 99.) Magistrate Judge Binder concludes that Plaintiff unduly delayed filing his request to add Williams as a defendant and that the amendment would be futile. (*Id*. at 4.) As Plaintiff filed a response to Defendants' motion for summary judgment, Magistrate Judge Binder concludes that his motion for more time to file his response is moot. (*Id*. at 5.) Finally, Magistrate Judge Binder concludes that Defendants are entitled to summary judgment because Plaintiff failed to properly exhaust his administrative remedies. (*Id*. at 9.) Even if the merits of Plaintiff's claim is addressed, Magistrate Judge Binder concludes that summary judgment is warranted because Plaintiff fails to set forth evidence to connect Defendants to the alleged violation of his First Amendment rights and because there is no evidence that this isolated instance of Plaintiff's mail being lost was due to anything more than mere negligence. (*Id*. at 11-12.)

At the conclusion of his R&R, Magistrate Judge Binder informs the parties that they must file any objections to the R&R within fourteen days. (*Id*. at 13.) Plaintiff filed his objections on November 16, 2012.

2

## **Standard of Review**

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the magistrate judge's ruling is "clearly erroneous" or "contrary to law." *Id.* The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S.Ct. 1504 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith*

3

*v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

## Analysis

Plaintiff objects to Magistrate Judge Binder's recommendations concerning his motion to amend and Defendants' summary judgment motion. He concedes that his motion for an enlargement of time should be denied as moot.

## Objection 1

Plaintiff first objects to Magistrate Judge Binder's finding that he unduly delayed filing his request to amend his complaint to add Williams as a defendant. Plaintiff argues that he was assisted by legal writers who failed to include her as a defendant and inform him of the need to add her to the lawsuit.

This Court does not believe, however, that Plaintiff's lack of legal knowledge or need for assistance in filing his lawsuit justified his delay in seeking to add Williams as a defendant. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991) (concluding that, "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."). Here, it should have been evident to even a layperson that Williams should have been included in this lawsuit. As Magistrate Judge Binder found, she was the person whose name appears on

4

the relevant mailroom log sheet.  Plaintiff does not challenge Magistrate Judge Binder's

finding that he had notice of the log sheet as it was attached to his amended complaint.

But even if Plaintiff's delay in seeking to add Williams was justified, Magistrate

Judge Binder still concluded that the motion to amend should be denied because the

amendment would be futile.  For the reasons discussed *infra*, this Court agrees.  Thus

Plaintiff fails to demonstrate that the magistrate judge's ruling on his motion to amend is

"clearly erroneous" or "contrary to law."

### Objection 2

Plaintiff next objects to Magistrate Judge Binder's conclusion that he failed to

exhaust his administrative remedies when he failed to specifically identify Defendants at

Step I of his grievance and listed only the entire "mail room staff at [the] Saginaw

Correctional Facility."  Plaintiff argues that his reference to the entire mail room staff was

sufficient.  Plaintiff further argues that when the names of the individuals involved were

revealed to him in the response to his grievance, he included those names at Step II.

As discussed by Magistrate Judge Binder, the Michigan Department of

Corrections' ("MDOC's") grievance procedures require a prisoner to include the "*names

of all those involved in the issues being grieved*" in his or her grievance.  (R&R at 8,

citing MDOC PD 03.02.130 (emphasis added.)  The United States Supreme Court has

directed that it is the prison's requirements that define the level of detail that must be

provided in a grievance to properly exhaust one's administrative remedies.  *Jones v. Bock*,

549 U.S. 199, 218, 127 S. Ct. 910, 922-23 (2007).  Because MDOC's policy directive

5

requires the "names" of the individuals being grieved, this Court agrees with Magistrate

Judge Binder that listing the "mail room staff" did not comply with MDOC's grievance

procedure.  While Plaintiff named Defendants Matuszak and Koenig in his Step II filing,

even if this were sufficient, this is in relation to their response to his Step I filing and not

the constitutional violation alleged in this case.

For these reasons, the Court agrees with Magistrate Judge Binder that Plaintiff

failed to exhaust his administrative remedies and that this warrants a ruling in

Defendants' favor.

### Objection 3

Plaintiff lastly objects to Magistrate Judge Binder's alternative basis for

recommending the grant of summary judgment in Defendants' favor, i.e., that Plaintiff's

claim lacks merit.  Specifically, Plaintiff challenges the magistrate judge's conclusions

that he failed to demonstrate a link between Defendants and the loss of his mail and an

improper motive.  Plaintiff inquires: if "[a]ll other individuals whom [sic] receive

identical legal mail on a daily basis receive these documents . . . why then does the

plaintiff not receive his?"  (Pl.'s Obj. at 10.)  Plaintiff surmises that "[a] conspiracy must

exist."  (*Id*.)

Plaintiff fails to present evidence to support his conspiracy theory, much less to

show that the defendants named in this lawsuit were part of this "conspiracy."  A plaintiff

"must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676,

129 S. Ct. 1937, 1948 (2009).  Moreover, as Magistrate Judge Binder set forth, "'[m]ere negligence is not actionable under § 1983."  (R&R at 12, quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003).)  Plaintiff lacks any evidence to suggest that the opinion sent to him from the Michigan Court of Appeals was intentionally lost.  In fact, it strongly appears that this piece of mail was not lost due to any misconduct by Defendants. Plaintiff was transferred from Defendants' facility on the day the court sent its opinion to him.  As set forth in the response to his Step I grievance filing, upon receipt of the mail at the Saginaw Correctional Facility, it was forwarded to Plaintiff at his new location.

For these reasons, this Court concurs in Magistrate Judge Binder's finding that Plaintiff's First Amendment claim lacks merit.

**Summary**

For the reasons set forth herein and in Magistrate Judge Binder's exhaustive October 31, 2012 R&R, the Court finds no error in the recommendation that Plaintiff's motion to amend be denied and concurs in the magistrate judge's findings and conclusions regarding Defendants' motion for summary judgment.  The Court therefore adopts the R&R.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion to amend his complaint is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's motion for an enlargement of time is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that Defendants' motion for summary judgment is **GRANTED**.

Date:  December 19, 2012                    s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Roy Brown, #217108
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784

AAG James T. Farrell

Magistrate Judge Charles E. Binder